FILED
CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ OCT 41 2005 ★

BROOKLYN OFFICE

**PETER T. SHERIDAN, ESQ.**
ATTORNEY AT LAW
28 WEST 44TH STREET
SUITE 711
NEW YORK, NEW YORK 10036-6600

TELEPHONE: (212) 719-6900
FACSIMILE: (212) 719-3925

September 23, 2005

Honorable John Gleeson
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

VIA FAX

Re: *United States v. Tammi S. Brady, 02-1043 (JG)*

Dear Judge Gleeson:

> The Probation Department is respectfully directed to prepare an updated, supplemental presentence report. If U.S.P.O. Victoria Main determines that additional time beyond 10-31-05 is necessary to complete the investigation and supplemental report, she is invited to let the Court know that, and an adjournment will be ordered.
>
> So ordered
> s/John Gleeson
> USDJ
> 10-4-05

As counsel for defendant Tammi S. Brady (now known as Tammi Brady Palmer) in the above-referenced matter, I write in connection with my client's sentencing in the above-referenced matter. Pursuant to your law clerk's recent direction, I write to seek guidance with regard to my client's resentencing upon remand from the Second Circuit Court of Appeals per that Court's July 2005 Opinion and Order.[1] The Court's current schedule calls for that re-sentencing to be held on Friday, October 21, 2005.

My inquiry concerns the nature and structure of the resentencing proceeding currently scheduled. More specifically, our concerns are focused on whether the Court shall require or entertain additional testimony and evidence in order to impose a Guidelines-based sentence, or whether such evidence would be unnecessary to the imposition of a non-Guidelines sentence in light of the Supreme Court's decision(s) in *Booker/Fanfan*, 125 S Ct. 738 (2005), and the practical impact of these decisions in Second Circuit jurisprudence. *See, e.g.,* United States v. Crosby, 397 F.3d 103 (2d Cir. 2005).

As the Court is no doubt aware, my client is a woman of limited means, and she sold her small condominium in Queens to help satisfy her financial obligations to the Government and to her former employer as a result of her conviction and the sentence imposed in this

---

[1] In August 2005, well before contacting chambers last week, I left VoiceMail messages concerning this matter for AUSA Neil Barofsky, the AUSA/SDNY who was cross-designated for purposes of prosecuting this case in the Eastern District of New York. AUSA Barofsky's OGM indicated that he was actively engaged in trial. To date, I have yet to receive a return call.

matter. To date, she has continued to honor the terms of her probation and her commitment to sobriety.

Should the Court seek to hear testimony prior to resentencing, we shall, of course, endeavor to find and retain a psychiatric expert who would provide additional support for the findings made by the Court in its initial pre-*Booker/Fanfan* decision to depart from the then-applicable Guidelines sentence. However, should the Court deem such evidence unnecessary to its determinations at resentencing, my client would be spared the considerable expense that the preparation and presentation of such testimony might entail.

Should the Court require additional information, please do not hesitate to contact me.

Very truly yours,

Peter T. Sheridan

Cc: Catherine Youssef, Esq., AUSA/EDNY
Neil Barofsky, Esq., AUSA/EDNY
Victoria Main, USPO/EDNY